**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

KAREILL I. PETERS,

Plaintiff,

v.

SIERRA PACKAGING & CONVERTING, LLC,

Defendant.

Case No. 3:26-CV-00297-CLB

**ORDER GRANTING SIERRA PACKING AND CONVERTING, LLC'S MOTION TO DISMISS**

[ECF No. 5]

Before the Court is Defendant Sierra Packaging & Converting, LLC's ("Sierra") motion to dismiss.[1] (ECF No. 5.) For the reasons discussed below, Sierra's motion is granted.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Kareill Peters ("Peters"), acting *pro se*, filed a complaint alleging a single claim of unlawful employment discrimination under the Americans with Disabilities Act ("ADA") on April 24, 2026. (ECF No. 1.) Peters' claim arises from an interview she had with Sierra on June 5, 2024. (*Id.* at 1.) Peters, who suffers from a visible skin condition, alleges that during her interview with Sierra the hiring manager appeared visibly shocked when she saw Peters' skin condition. (*Id.*) Peters further alleges the hiring manager then told her "she was 'not fit for the job'" without giving Peters a meaningful interview. (*Id.*) Sierra subsequently filed a motion to dismiss arguing Peters failed to state a claim upon which relief can be granted, (ECF No. 5), which the Court now addresses.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint challenged "by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but requires the plaintiff to provide actual grounds for

---

[1]    Peters responded, (ECF No. 11), and Sierra replied, (ECF No. 12).

1

relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Generally, a motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "view[ed] . . . in the light most favorable to the" nonmoving party, *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1087 (9th Cir. 2021).

The Ninth Circuit has found that two principles apply when deciding whether a complaint states a claim that can survive a 12(b)(6) motion. First, to be entitled to the presumption of truth, the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, "must *plausibly* suggest an entitlement to relief." *Id.* (emphasis added).

Dismissal is proper only where there is no cognizable legal theory or an "absence of sufficient facts alleged to support a cognizable legal theory." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018) (quoting *Navarro*, 250 F.3d at 732). Additionally, the Court takes particular care when reviewing the pleadings of a *pro se* party, because a less stringent standard applies to litigants not represented by counsel. *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016).

A court can grant a motion to dismiss for failure to state a claim with leave to amend. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1113 (9th Cir. 2013). A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d

614, 616 (9th Cir. 1990).

**III.    DISCUSSION**

"The ADA prohibits an employer from discriminating against a qualified individual with disability 'because of the disability.'" *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (quoting 42 U.S.C. § 12112(a)). To state a *prima facie* case of disability discrimination under the ADA, Peters must show: (1) she is disabled; (2) she is a qualified individual with a disability; and (3) she suffered an adverse employment action because of her disability. *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001). Here, Sierra argues Peters fails to allege sufficient facts to support any of the three elements. The Court will address each in turn.

**A.    Disability**

The Court will first address whether Peters sufficiently alleged she is disabled. The ADA defines a "disabled person" as an individual who has: (1) "a physical or mental impairment that substantially limits one or more major life activities;" with (2) "a record of such impairment." 42 U.S.C. § 12102(1)(a)-(b). Major life activities include the "operation of a major bodily function" such as the "functions of the . . . skin." 29 C.F.R. § 1630.2 (i)(1)(ii).[2] The term "substantially limits" "shall be construed broadly" and "is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i). Nonetheless, to properly plead she is disabled, Peters must cite to the specific impairment and show how it limits a major life activity. *Danielson v. Stratosphere, LLC*, 2011 WL 1767809, at *2 (D. Nev. May 9, 2011). Peters must also have "a record of such impairment" which is met by showing a history of the physical impairment. 29 C.F.R. § 1630.2(k)(1). Thus, for Peters to be considered disabled, she must allege she suffers from a specific impairment that limits a major life activity and has a history of such physical impairment.

Here, Peters does not name a specific impairment that limits a major life activity,

---

[2]    Sierra cites to *Fee v. Mgmt. & Training Corp.*, 3:12-CV-00302-RCJ-VPC, 2012 WL 4792920, at *3 (D. Nev. Oct. 9, 2012), for the proposition that courts regularly find skin conditions do not constitute a disability under the ADA. (ECF No. 12 at 2.) However, this case is only persuasive authority and is not binding on the Court. LR IA 7-3.

nor does she allege that she has a history of such a physical impairment in her complaint. Peters merely alleges she is "disabled or regarded as disabled" and has a "visible skin condition." (ECF No. 1 at 1-2.) However, such conclusory statements lack the specificity required to sufficiently allege Peters suffered from a *specific* impairment, that her visible skin condition limits a *major life activity*, or that she has a *history* of such skin condition. *See Danielson*, 2011 WL 1767809, at *2. The Court therefore finds Peters has not alleged sufficient facts to demonstrate she is a disabled person under the ADA. *See Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) ("[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.").

### B.    Qualified Individual with a Disability

The Court next addresses whether Peters has alleged sufficient facts to show she is a qualified individual pursuant to the ADA. A "qualified individual" is defined as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8). The essential functions of the employment position are informed by the employer's judgment which can be seen through the job description given to applicants. *Id.*

Here, Peters merely alleges she "was qualified for the position" without providing any factual support. (ECF No. 1 at 2.) This is insufficient. Peters' allegation is merely a recitation of the element and well short of Rule 8's "short and plain statement" requirement. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)). Accordingly, the Court finds Peters failed to allege sufficient facts to show she was a qualified individual.

### C.    Adverse Employment Action

Finally, the Court will address whether Peters alleged sufficient facts to show she suffered an adverse employment action because of her disability. To do so, Peters "must show that the adverse employment action would not have occurred but for the disability." *Murray v. Mayo Clinic*, 394 F.3d 1101, 1105 (9th Cir. 2019). Here, Peters merely states,

"[Sierra] refused to hire [her] because of [her] disability or perceived disability." (ECF No. 1 at 1.) Again, this allegation is merely a recitation of the element and will not suffice. *See Iqbal*, 556 U.S. at 678. Peters therefore has not alleged sufficient facts to show she suffered an adverse employment action because of her disability.

### D. Leave to Amend

The above discussion makes clear Peters has not alleged sufficient facts to state a claim under the ADA. However, the Court must also determine whether Peters' complaint should be dismissed with or without leave to amend. In this case, the Court finds that Peters should be given leave to amend based on additional allegations she includes in her opposition to the motion to dismiss. First, Peters specifically identifies her skin condition as "congenital ichthyosis" which is "a visible lifelong skin disorder." (ECF No. 11. at 1.) Second, Peters explains she was referred to the position by a staffing agency and, after being referred, reviewed the position requirements and "believed she was qualified" for the position. (*Id.*) Finally, Peters claims Martinez "appeared visibly shocked" when she first saw Peters and "ended the interview without meaningfully evaluating [her] qualifications." (*Id.*) These additional details show Peters could plausibly allege sufficient facts to state a claim of disability discrimination under the ADA. Based on these facts, the Court finds that Peters must be given leave to amend. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1988) (finding leave to amend should be granted if the complaint can be saved by amendment).

If Peters chooses to file a first amended complaint, she is advised that a first amended complaint supersedes (replaces) the original complaint and, thus, the first amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Peters should clearly title the amended pleading as "First Amended Complaint." For each Defendant and each claim, she must

allege true <u>facts</u> sufficient to show that the Defendant violated her rights.

The Court notes that, if Peters chooses to file a first amended complaint curing the deficiencies, as outlined in this order, Peters should file the first amended complaint on or before Thursday, August 6, 2026. If Peters chooses not to file a first amended complaint curing the stated deficiencies, the Court will dismiss this action for failure to state a claim.

**IV.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Sierra's motion to dismiss, (ECF No. 5), is **GRANTED**.

**IT IS FURTHER ORDERED** that Peters complaint, (ECF No. 1), is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that if Peters chooses to file a first amended complaint curing the deficiencies of her complaint, as outlined in this order, Peters shall file it on or before **Thursday, August 6, 2026**. If Peters chooses not to file a first amended complaint, the Court will dismiss this action for failure to state a claim.

**DATED** July 6, 2026_____.

_____
**UNITED STATES MAGISTRATE JUDGE**

6