**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

KAREILL I. PETERS,

Plaintiff,

v.

SIERRA PACKAGING & CONVERTING, LLC,

Defendant.

Case No. 3:26-CV-00297-CLB

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

[ECF No. 16]

Currently pending before the Court is Defendant Sierra Packaging & Converting, LLC's ("Sierra") motion to dismiss Plaintiff Kareill Peters's ("Peters") First Amended Complaint ("FAC"), (ECF No. 15). (ECF No. 16.) For the reasons discussed below, Sierra's motion is granted.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Peters, acting *pro se*, filed a complaint alleging a single claim of unlawful employment discrimination under the Americans with Disabilities Act ("ADA") on April 24, 2026. (ECF No. 1.) Previously, the Court granted Sierra's motion to dismiss the original complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted, (ECF No. 5), but allowed Peters leave to file an amended complaint. (ECF No. 13.) Peters subsequently filed her FAC, alleging a single claim of unlawful employment discrimination under the ADA on July 22, 2026. (ECF No. 15.) Peters's claim arises from an interview she had with Sierra on June 5, 2024. (*Id*. at 6.) Peters, who suffers from a visible skin condition, alleges that she was dismissed from the interview based upon an unfair judgement of her physical limitations. (*Id*. at 7.) Sierra subsequently filed a motion to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6), arguing Peters again failed to state a claim upon which relief can be granted. (ECF No. 16.)

///

///

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint challenged "by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but requires the plaintiff to provide actual grounds for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Generally, a motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "view[ed] . . . in the light most favorable to the" nonmoving party, *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1087 (9th Cir. 2021).

The Ninth Circuit has found that two principles apply when deciding whether a complaint states a claim that can survive a 12(b)(6) motion. First, to be entitled to the presumption of truth, the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, "must *plausibly* suggest an entitlement to relief." *Id*. (emphasis added).

Dismissal is proper only where there is no cognizable legal theory or an "absence of sufficient facts alleged to support a cognizable legal theory." *Davidson v. Kimberly Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018) (quoting *Navarro*, 250 F.3d at 732). Additionally, the Court takes particular care when reviewing the pleadings of a pro se party, because a less stringent standard applies to litigants not represented by counsel. *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016).

A court can grant a motion to dismiss for failure to state a claim with leave to

amend. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1113 (9th Cir. 2013). A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**III. DISCUSSION**

The FAC alleges a single claim for discrimination under the ADA. (ECF No. 15.) "The ADA prohibits an employer from discriminating against a qualified individual with disability 'because of the disability.'" *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (quoting 42 U.S.C. § 12112(a)). To state a *prima facie* case of disability discrimination under the ADA, Peters must show: (1) she is disabled; (2) she is a qualified individual with a disability; and (3) she suffered an adverse employment action because of her disability. *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001). Here, Sierra argues Peters fails to allege sufficient facts to support the first and third element. (ECF No. 16.) Sierra further contends that Peters does not allege sufficient facts to satisfy the second element but asks the court to consider communications submitted outside of the complaint to reach that conclusion. (*Id.*) The Court will address each issue in turn.

**A. Disability**

The Court will first address whether Peters sufficiently alleged she is disabled. The ADA defines a "disabled person" as an individual who has: (1) "a physical or mental impairment that substantially limits one or more major life activities;" with (2) "a record of such impairment." 42 U.S.C. § 12102(1)(a)-(b). Major life activities include the "operation of a major bodily function" such as the "functions of the . . . skin." 29 C.F.R. § 1630.2 (i)(1)(ii). The term "substantially limits" "shall be construed broadly" and "is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i). Nonetheless, to properly plead she is disabled, Peters must cite to the specific impairment and show how it limits a major

life activity. *Danielson v. Stratosphere, LLC*, 2011 WL 1767809, at *2 (D. Nev. May 9, 2011).; Peters must also have “a record of such impairment” which is met by showing a history of the physical impairment. 29 C.F.R. § 1630.2(k)(1). Thus, for Peters to be considered disabled, she must allege she suffers from a specific impairment that limits a major life activity and has a history of such physical impairment.

Peters alleges that her skin condition “substantially limits one or more major life activities and major bodily functions within the meaning of the Americans with Disabilities Act, including the normal function of the skin, thermoregulation, and the extensive daily care required to manage the condition.” (ECF No. 15 at 3-4.) She goes on to detail specific symptoms (scaling, ability to regulate body temperature, etc.) but she does not connect her condition to an articulated limitation of a major life activity under the ADA. Peters has merely specified a detailed list of symptoms without demonstrating how those specific symptoms apply limitations on a major life activity. *See Baldwin v. Nev. Att’y for Injured Workers*, No. 2:24-cv-01208-JAD-MDC, 2025 WL 1517905, *at 4 (D. Nev. Jan. 29, 2025) (dismissing ADA claims where *pro se* plaintiff asserted that her “mobility impairment at issue constitutes a disability” but failed to specify the impairment or articulate how it “substantially limits” one or more major life activities, explaining that such conclusory statements were insufficient to establish an ADA disability);*Brody v. ITT Educ. Servs.*, 2:09-cv-01732-LDG-PAL, 2011 WL 1239903, at *4 (D. Nev. March 30, 2011) (explaining Plaintiff must “introduce evidence that her MS ‘substantially limit[ed]’ her ‘major life activities” while she was employed by ITT.’”) (internal citations omitted). The Court finds that Peters has failed to sufficiently allege she is disabled under the ADA because she has not alleged facts sufficient to demonstrate how her skin condition substantially limits a major life activity.

### B. Qualified Individual with a Disability

The Court next addresses whether Peters has alleged sufficient facts in her amended complaint to demonstrate she is a qualified individual pursuant to the ADA. A “qualified individual” is defined as “an individual who, with or without reasonable

accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8). The essential functions of the employment position are informed by the employer's judgment which can be seen through the job description given to applicants. *Id.*

Here, Peters alleges that she "believed the position primarily involved customer service, administrative, and clerical responsibilities in an indoor, climate-controlled office environment." (ECF No. 15 at 5.) However, Peters does not provide a job description in her complaint, she only states that she was told by a Career Transition Specialist at Sierra Nevada Jobs Corps Center, Mr. Joel BriDegum, that she was qualified for the position with Sierra. (*Id.*)

Sierra asks the Court to consider communications between Sierra and Surge Staffing, a temporary staffing agency, to determine if Peters was a qualified individual pursuant to the ADA. (ECF No. 16 at 6-7.) Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, courts may consider some other documents at the motion-to-dismiss stage without converting the motion into one for summary judgment: documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Documents are deemed incorporated by reference into a complaint if the allegations "refer[ ] extensively to the document or the document forms the basis of the plaintiff's claim." *Id.*; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (finding that a blog post referenced in a two-sentence footnote in a complaint was not sufficiently "extensive" to meet the *Ritchie* standard, but a reference may be sufficiently extensive "if a single reference is relatively lengthy").

Defendants argue the Court should consider the emails because the communication is "central" to Peters's claims because the communications establish Peters could not perform the job function because of her 25-pound lifting restriction, and cite to *Van Buskirk v. CNN* to support their assertion. (ECF No. 16 at 6 (citing *Van Buskirk*

*v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002)).) Notably, in *Van Buskirk,* incorporation by reference allowed the court "to consider documents that were *referenced extensively* in the complaint and were accepted by all parties as authentic." *Id.* (emphasis added). Here, Peters has not referenced the emails at all, let alone extensively. (*See* ECF No. 15.) Consequently, the Court is unable to consider the Surge emails, (ECF No. 16-1), because there is no reference to the emails in the complaint beyond the statement, "Plaintiff responded that Surge Staffing had already informed Defendant of Plaintiffs lifting restriction before Plaintiff arrived for the interview." (ECF No. 15 at 6.) Peters' only mention of the communication is vague and could plausibly refer to communications outside of the provided emails.

However, even without consideration of the Surge emails, Peters has failed to allege sufficient facts demonstrating that she was a qualified individual under the ADA. Although Peters alleges that she believed the position primarily involved customer service, administrative, and clerical responsibilities in an indoor, climate-controlled office environment, she does not identify the essential functions of the position or allege facts establishing that she could perform those functions, with or without reasonable accommodation. (*See* ECF No. 15.) Nor does her allegation that Mr. BriDegum informed her that she was qualified for the position, standing alone, establish that she could perform its essential functions. Accordingly, Peters has not sufficiently alleged that she was a qualified individual within the meaning of the ADA.

**C. Adverse Employment Action**

The Court will next address whether Peters has alleged sufficient facts to show she suffered an adverse employment action because of her disability. Peters "must show that the adverse employment action would not have occurred but for the disability." *Murray v. Mayo Clinic*, 394 F.3d 1101, 1105 (9th Cir. 2019). As stated above, in assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true, *Iqbal*, 556 U.S. at 678, and "view[ed] . . . in the light most favorable to the" nonmoving party. *Lemmon*, 995 F.3d at 1087.

Here, Peters alleges she "understood that [she] had applied for a Customer Service Representative position involving primarily clerical, administrative, and customer service responsibilities rather than warehouse work." (ECF No. 15 at 6.) Peters further alleges that Ms. Martinez questioned Peters extensively regarding her physical limitations, rather than her education, vocational training, administrative experience, customer service skills, or other qualifications for the position before stating "You're not fit for the job." (*Id.*) Peters further alleges Ms. Martinez "did not explain what qualification Plaintiff lacked and did not identify any essential job function that Plaintiff could not perform." (*Id.* at 7.) Viewed under the above standard, Peters's allegations support a reasonable inference that Martinez's assessment of Peters's fitness for the position, and the resulting decision not to hire her, were based on Peters's physical conditions and perceived abilities based on that condition, rather than her qualifications for the position.

Peters has sufficiently alleged, for purposes of this motion, that she suffered an adverse employment action.. See *Murray v. Mayo Clinic*, 934 F.3d 1101, 1105 (9th Cir. 2019). Nevertheless, as discussed above, Peters has failed to sufficiently allege that she is a qualified individual under the ADA or that she has a disability within the meaning of the statute. Thus, although Peters has adequately alleged an adverse employment action,, her ADA discrimination claim nonetheless fails for the reasons discussed above.

**D. Leave To Amend**

The above discussion makes clear Peters has not alleged sufficient facts to state a claim under the ADA. However, the Court must also determine whether Peters' complaint should be dismissed with or without leave to amend. In determining whether to grant leave to amend, the Court has considered Plaintiff's self-represented status. *See Garmon v. County of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016) (explaining that courts construe pro se pleadings liberally and afford the litigant the benefit of any doubt). Although Peters has not adequately alleged that she is disabled within the meaning of the ADA, her opposition to the motion to dismiss includes Social Security records stating, "You are entitled to monthly payments as a disabled individual." (ECF No. 21 at 22.)

Although these records do not, by themselves, establish that Peters has a disability within the meaning of the ADA, they suggest that Peters may be able to allege additional facts sufficient to satisfy this element. Accordingly, the Court cannot conclude at this stage that amendment would necessarily be futile. Therefore, the Court grants Peters leave to amend the FAC to address the deficiencies identified in this Order.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Sierra's motion to dismiss, (ECF No. 16), is **GRANTED.**

**IT IS FURTHER ORDERED** that Peters's FAC, (ECF No. 15), is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND.**

**IT IS FURTHER ORDERED** that if Peters chooses to file a second amended complaint curing the deficiencies of her FAC, as outlined in this order, Peters shall file it on or before **Thursday, November 26, 2026**. If Peters chooses not to file a second amended complaint, the Court will dismiss this action for failure to state a claim.

**IT IS SO ORDERED.**

**DATED**: October 27, 2026.

**UNITED STATES MAGISTRATE JUDGE**